Singh v. Garland

BIA
A206 513 468

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of November, two thousand twenty-one.

PRESENT:
>JOSÉ A. CABRANES,
>GERARD E. LYNCH,
>WILLIAM J. NARDINI,
>>*Circuit Judges.*

_____

JOGA SINGH,
>*Petitioner,*

>v.                                    20-687
>                                      NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
>*Respondent.*

_____

FOR PETITIONER:          Jaspreet Singh, Jackson Heights, NY.

FOR RESPONDENT:          Jeffrey Bossert Clark, Acting Assistant Attorney General; Anthony C. Payne, Assistant Director; Judith R. O'Sullivan,

Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Joga Singh, a native and citizen of India, seeks review of a January 31, 2020, decision of the BIA, denying his motion to reopen his removal proceedings. *In re Joga Singh,* No. A206 513 468 (B.I.A. Jan. 31, 2020). We assume the parties' familiarity with the underlying facts and procedural history.

As an initial matter, Singh timely petitions for review of the denial of his motion to reopen, but not from the underlying order denying asylum and related relief on credibility grounds, which Singh failed to timely appeal. Order, *Singh v. Barr*, No. 18-2314 (2d Cir. May 8, 2019), ECF no. 38. Thus, we do not consider his challenges to that underlying decision. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89-90 (2d Cir. 2001). While we review the BIA's denial of a motion to reopen for abuse of

2

discretion, we review the agency's findings of fact regarding changed country conditions for substantial evidence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008).

In his motion to reopen, Singh asserted that members of the Congress Party and the police had recently threatened and harassed his parents in an effort to locate him on account of his membership in the Sikh-affiliated Akali Dal Mann Party. As support, he submitted his own written statement and general country conditions evidence.

It is undisputed that Singh's October 2019 motion to reopen was untimely because he filed it more than one year after his removal order became final in July 2018. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Although the time limitation for filing a motion to reopen does not apply if reopening is sought to apply for asylum "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered," 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3), the BIA did not err in finding that Singh failed to show changed conditions in India.

The BIA did not err in discounting Singh's unsworn statement that the police had recently harassed his parents

because Singh was previously found not credible by the immigration judge in the underlying proceedings. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."); *Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146-49 (2d Cir. 2007) (holding that the agency may decline to credit unauthenticated evidence submitted with a motion to reopen by an alien who was found not credible in the underlying proceedings). The BIA also reasonably found that Singh's country conditions evidence did not establish a material change in conditions in India but rather "a continuation of political and religious abuses, including at the hands of police and political parties." *In re Joga Singh,* No. A206 513 468, at 2; *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii); *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below."). Because Singh failed to demonstrate a material change in conditions in India, the BIA did not abuse its

4

discretion in denying his motion to reopen as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court